OPINION
In this case, Virgil Harris appeals from a trial court decision denying his motion to withdraw a guilty plea. Harris was originally indicted on three counts: 1) possession of cocaine in an amount exceeding 1,000 grams, with a major drug offender specification; 2) possession of cocaine in an amount exceeding 10 grams but not exceeding 25 grams; and 3) control of a substance (a scale) with intent to use it in commission of a felony. After being indicted, Harris filed a motion to suppress, based on an alleged illegal search. However, the trial court overruled the motion. Subsequently, Harris and the State reached a plea agreement. The State amended Count I of the indictment to possession of cocaine in an amount exceeding 500 grams but less than 1,000 grams. Additionally, the State nolled the major drug offender specification and the remaining two counts of the indictment. In exchange, Harris pled guilty. Both the State and defense agreed that Harris would serve a mandatory sentence of seven years incarceration. The termination entry reflecting the sentence was filed on January 23, 1998.
Harris did not appeal his conviction, nor did he file a petition for post-conviction relief. About three and a half years later, on July 30, 2001, Harris filed a motion to withdraw his guilty plea. In an affidavit attached to the motion, Harris claimed that his trial attorney told him that if he entered a plea, he would receive a sentence of four years. According to Harris, the trial attorney also said that Harris would be eligible for judicial release, and that he (the attorney) might be able to get Harris released from prison after two years.
After reviewing the motion to withdraw the guilty plea, the trial court overruled it without holding a hearing. In the decision, the court found that Harris had been told in court that he would serve a mandatory seven year sentence. The court also noted that it had fully complied with Crim. R. 11 when the plea was accepted.
Harris now appeals, raising the following single assignment of error:
 "I. The trial court committed prejudicial error when it failed to conduct a hearing on Appellant's motion to withdraw a guilty plea."
 Upon consideration, we find the single assignment of error without merit, and we will affirm the judgment of the trial court.
According to well-established authority, a defendant filing a post-sentence motion to withdraw a guilty plea has the burden of establishing manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. The motion is "addressed to the sound discretion" of the trial court. Id. at paragraph two of the syllabus. We review the trial court decision for abuse of discretion, which means "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157.
After reviewing the record, we find no abuse of discretion by the trial court. Under Crim. R. 32.1, the trial court does not have to hold a hearing on a post-sentence motion to withdraw if the facts "alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn." State v. Blatnik
(1984), 17 Ohio App.3d 201. See, also, State v. Guard (July 9, 1999), Greene No. 98CA97, unreported, 1999 WL 961056, p. 3, and State v. Howard
(Aug. 21, 1998), Montgomery App. No. 16901, unreported, 1998 WL 893009, p. 3.
In the present case, even if the affidavit of Harris is accepted as true, it does not justify granting the motion to withdraw. We have previously noted that most courts do not find manifest injustice "[w]here the defendant seeks to vacate his plea because of counsel's erroneous advice concerning the sentence imposed." State v. Goney (June 2, 2000), Montgomery App. No. 17799, unreported, 2000 WL 706831, p. 1, citingBlatnik, 17 Ohio App.3d 201. We have also said that "a defendant's own self-serving declarations or affidavits are insufficient to rebut the record on review which shows that his plea was voluntary." Goney, 2000 WL 706831, at 2.
This case presents precisely such a scenario, as the transcript of the plea hearing reveals that the trial court fully complied with Crim. R. 11 and that the plea was voluntary. In this regard, we observe that the sentence, and its mandatory aspects, were discussed several times. Specifically, the following exchanges took place:
 "The Court: And do you understand, sir, that possession of powder cocaine in an amount more than 500 but less than 1,000 grams does carry a term of mandatory imprisonment? The range is anywhere from two years to excuse me, three, four, five, six, seven, eight years, however, this offer excuse me?
"Ms. Brown (State attorney): Your Honor
"Mr. Mulligan(defense attorney): It goes to nine to ten.
"Ms. Brown: I believe the range is three to ten.
 "The Court: Let me keep talking. The range is three, four, five, six, seven, eight, nine, ten. But you understand in light of the fact that the prosecutor is amending Count One, dropping the major drug offender spec, dropping Count Two and Count Three, there is an understanding, an agreement that there will be no sentence lower than seven years.
"The Defendant: Yes, ma'am.
"The Court: Do you understand that?
 "The Defendant: (The Defendant nodded his head in the affirmative).
 "The Court: In other words, you are looking at a mandatory prison term of seven years.
"The Defendant: Yes, ma'am.
 "The Court: You are not eligible for community control. You are not eligible for probation. Do you understand that, sir?
"The Defendant: Yes, ma'am.
 "The Court: Do you have any questions about what I just said?
"The Defendant: No, ma'am.
"* * *
 "The Court: Now, Mr. Harris, there was much discussion about this mandatory prison term of seven years. Do you understand that you will receive a seven year sentence at the institution?
The Defendant: Yes, ma'am."
Following these exchanges (and an explanation of constitutional rights), Harris pled guilty. The court then accepted the plea and signed waiver form, and went on to say:
 "Mr. Harris, although this is a mandatory prison term and we all in the room know you are going to prison, you do have a right to a presentence report so the institution has information about you for various purposes and also we need to determine if you are indigent or not regarding that fine. So I will order the presentence report prior to the disposition of this case. That will take four weeks."
Approximately four weeks later, the sentencing hearing was held. At that time, the court again stressed that the sentence was mandatory and that Harris was not eligible for community control. The court also asked Harris if he had anything to say. Although Harris's attorney made a few remarks, Harris indicated that he had nothing he wanted to add. After this exchange, the court once more reiterated that the sentence was mandatory, and told Harris that he would be confined for seven years at the Correctional Reception Center for Men. Shortly thereafter, the court filed a termination entry, indicating that Harris was to be "confined for a term of SEVEN (7) years, MANDATORY" (emphasis in original).
Opposed against this record are the bare assertions of Harris, unsupported by any other evidence, that his trial counsel erroneously promised or predicted a different sentence and suggested a possibility of early release from prison. Under the circumstances, the record is very clear that Harris voluntarily pled guilty, knowing that he was to be confined for seven years. The "bare assertion" that counsel speculated, although incorrectly, about the sentence, does not constitute manifest injustice. Goney, 2000 WL 706831, at 1; Blatnik, 17 Ohio App.3d at 204. Accordingly, the trial court properly overruled the post-sentence motion to withdraw the guilty plea.
As a final matter, we note that Harris alleges that his trial counsel was ineffective in letting him enter a plea without understanding its ramifications. We reject this argument for two reasons. First of all, Harris did not raise ineffective assistance of counsel in the trial court. However, even if Harris had raised this claim, the record is devoid of any evidence that trial counsel rendered ineffective assistance. Even a lay person would easily have understood what was said at both the plea and sentencing hearings. In fact, we cannot see how a defendant could be more clearly told of the potential consequences of a plea.
Accordingly, based on the preceding discussion, the first assignment of error is overruled, and the judgment of the trial court is affirmed.
GRADY, J., and YOUNG, J., concur.